886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin M. HULVEY, Plaintiff-Appellant,
v.
Julie A. HULVEY; George R. Deneweth, Macomb County Circuit
Court Judge; Charles Knoppow, Defendants-Appellees.
 No. 89-1218.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App. 34(a).
 
 
 2
 Kevin M. Hulvey, a Michigan resident, appeals pro se the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. Secs. 1981 through 1985.
 
 
 3
 Seeking declaratory and injunctive relief, Hulvey sued his wife, her attorney, and a Michigan County Circuit Court judge, alleging that the policies, customs, practices, usages, and course of conduct of the Michigan domestic relations courts were discriminatory against males. Hulvey specifically objects to the granting of a temporary ex parte order which granted his wife temporary custody of their minor children until a hearing could be held on her divorce complaint. Hulvey challenged the validity of the Michigan constitution and the qualifications of every individual admitted to practice law in Michigan. He also contended that state divorce laws are a conspiracy to deprive Christians of their first amendment rights and that as a parent he has an absolute life, liberty, and property right in raising his own children and inculcating them with his own personal moral and religious values. Hulvey sought: (1) an injunction from the district court preventing the state of Michigan from granting any further divorces and (2) to have the Federal Constitution rewritten to define clearly his new rules of behavior.
 
 
 4
 After a review of the files and records, the district court concluded that the doctrine of abstention applied to the case and dismissed the complaint. Hulvey has filed a timely appeal in which he raises the same issues which were before the district court.
 
 
 5
 Upon review, we conclude the district court properly dismissed Hulvey's suit for the reasons stated by it.
 
 
 6
 In this instance, the district court properly applied the doctrine of abstention to Hulvey's claims. See Younger v. Harris, 401 U.S. 37 (1971). Three factors are relevant to a determination of whether abstention applies to a civil case: (1) whether state proceedings are pending; (2) whether those proceedings involve important state interests; and (3) whether the federal plaintiff will be afforded an adequate opportunity to raise his constitutional claims in state court proceedings. Watts v. Burkhart, 854 F.2d 839, 845 (6th Cir.1988).
 
 
 7
 After a review of the record, we conclude that, for the reasons stated by the district court, all three factors have been satisfied in the present case.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.